824 F.2d 979
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sarah J. LOYD, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3139.
 United States Court of Appeals, Federal Circuit.
 June 5, 1987.
 
 Before DAVIS, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), upholding the denial by the Office of Personnel Management (agency) of petitioner's application for a survivor annuity, is affirmed.
 
 OPINION
 
 2
 Petitioner, the former spouse of retired federal employee Hulon R. Loyd now deceased, seeks a survivor annuity under 5 U.S.C. Sec. 8341. The agency rejected the application on the grounds that petitioner had not been married to Mr. Loyd "for at least ten years during periods of creditable service under section 8332 of title 5, United States Code". 5 U.S.C. Sec. 8341(b)(1)(B)(ii).
 
 
 3
 Petitioner asserts that the statutory ten year requirement is inapplicable to her case, and that Mr. Loyd intended that she have the annuity even after the divorce. However, the applicable law is otherwise.
 
 
 4
 On November 8, 1984, Congress passed the Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98-615, 98 Stat. 3195 (1984). The purpose of this enactment was "to provide that a former spouse of a Federal employee who is married to such employee for ten years or more shall be entitled to a portion of such employee's annuity...." H.R.Rep. No. 1054, 98th Cong., 2d Sess. 1, reprinted in 1984 U.S.Code Cong. & Admin.News 5540. This Act is of no benefit to petitioner.
 
 
 5
 Prior to this action by Congress, "survivor benefits [were] voided if a marriage [was] dissolved". Id. at 12, reprinted in 1984 U.S.Code Cong. & Admin.News at 5542. Indeed, the statute in effect prior to the Congressional amendment provided for a survivor annuity to a child or a spouse, but does not address a former spouse. 5 U.S.C. Sec. 8341 (1982). See United States v. Smith, 398 F.2d 173, 175 (3d Cir.1968) ("to obtain a survivor's annuity a spouse to whom a retired employee was married at the time of his retirement must also be his wife at the time of his death").
 
 
 6
 Petitioner does not dispute that she was not married to Mr. Loyd for at least nine months immediately before his death, as is required in order to qualify for a widow's survivor annuity under 5 U.S.C. Sec. 8341(a). See Money v. Office of Personnel Management, 811 F.2d 1474, 1477 (Fed.Cir.1987) ("Congress directed that the 'widow' receiving the annuity be the surviving wife who was 'married' to the employee when he died.") Nor does she dispute that she was not married to Mr. Loyd for ten years during periods of his creditable service, in accord with section 8341(b). Petitioner argues that the Board lacked substantial evidence in finding that her marriage was terminated on September 13, 1978. Even accepting petitioner's theory as to when the divorce became final, she fails to meet the ten year requirement of the statute, or to qualify as a "widow" under the statute. As a matter of law, we discern no error in the Board's application of the statute to petitioner's case.
 
 
 7
 We conclude that the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or that it was unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).